# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAREE NEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-425-CVE-JFJ |
| | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| FOR TULSA COUNTY, TULSA | ) |
| JUVENILE BUREAU, and JUSTIN | ) |
| JONES, in his official capacity as Director | ) |
| of Tulsa Juvenile Bureau, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss Complaint and Brief in Support by Defendants Board of County Commissioners of Tulsa County and Tulsa Juvenile Bureau (Dkt. # 10). Defendants argue that plaintiff Daree New has failed to state claims for retaliation or gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). Dkt. # 10, at 12-19. Defendants also argue that plaintiff has failed to adequately allege a claim of intentional infliction of emotional distress, and plaintiff's claims against defendant Justin Jones in his official capacity should be dismissed as duplicative of her claims against the Tulsa Juvenile Bureau (the Bureau). Id. at 10-11, 20-23. Plaintiff concedes that she has failed to state a claim for intentional infliction of emotional distress and that her claims against Jones are duplicative, and those claims will be dismissed. See Dkt. # 15, at 1. However, plaintiff asserts that defendants are improperly asking the Court to impose a heightened pleading standard to her Title VII claims, and she argues that she has adequately alleged claims of retaliation and gender discrimination under Title VII. Id.

## I.

New began working for the Bureau as a probation counselor in June 2013. Dkt. # 2, at 7. In 2016, New claims that she was interviewed as part of an internal investigation into complaints of a sexually hostile work environment, and she told the investigator, Clark Burbank, that she had witnessed Josh Hogan and a subordinate employee having "inappropriate sexual relations." Id. New alleges that she was "outed" as a witness in the internal investigation and Hogan and others began retaliating against her. Id. New received a 45-day write up from the probation supervisor, Richard Harris, for transporting a juvenile from the Juvenile Center to the Bureau's North Pointe offices, even though other employees were not disciplined for engaging in the same conduct. Id.

After the investigation concluded, Hogan was promoted to the position of probation supervisor, and New claims that he used his position to retaliate against her for reporting the allegedly inappropriate sexual behavior. Id. at 8. New claims that other employees began to ignore or shun her, and Hogan allegedly sought out ways to discipline New by digging through old files. Id. New cites as an example an incident in which Hogan threatened to seek criminal charges against New for giving false information, but she was able to produce e-mail and text messages showing that she was not responsible for an attorney missing a scheduled court hearing. Id. New alleges that she was required to obtain permission from a supervisor to use flex time, even though "Ryan Boyles and other employees" could simply sign out and leave the office after requesting flex time. Id. New claims that she was denied approval to take flex time on multiple occasions. On November 29, 2016, New claims that Hogan gave her a letter signed by New on October 29, 2016, and she was told to attend a meeting on December 1, 2016 to discuss a trip to the Tulsa Zoo that took place on October 1, 2016. Id. at 9. New was confused about the meeting, because Hogan had previously told

2

her that her actions on the October 1, 2016 zoo trip were acceptable. Id. At the December 1, 2016 meeting, New was disciplined for her actions at the Tulsa Zoo and her employment was terminated the following day. Id.

On August 2, 2019, New filed this case in Tulsa County District Court alleging claims of retaliation and gender discrimination under Title VII and a claim of intentional infliction of emotional distress under Oklahoma law. New has named the Board of County Commissioners of Tulsa County (BOCC), the Bureau, and Justin Jones as defendants for each claim. BOCC removed the case to this Court and defendants have filed a motion to dismiss. As the Court has previously stated, New's claims against the director of the Bureau, Jones, will be dismissed as duplicative of her claims against the Bureau, and plaintiff has conceded that she has failed to state a claim for intentional infliction of emotional distress. In this Opinion and Order, the Court will consider whether New has alleged plausible claims of retaliation and gender discrimination under Title VII.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil

3

actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

#### A.

Defendants argue that plaintiff has failed to state a claim of gender discrimination under Title VII, because there are no allegations suggesting that plaintiff was treated differently than any similarly situated male employees or that any adverse employment action was motivated by discriminatory animus. Dkt. # 10, at 18-19. Plaintiff responds that she has adequately alleged that she was treated differently than similarly situated male co-workers after she participated in an internal investigation into a sexually hostile work environment. Dkt. # 15, at 10.

Under Title VII, it is unlawful "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove a Title VII violation through either direct or circumstantial evidence. See Furr v. AT & T Techs., Inc., 824 F.2d 1537, 1548-49 (10th Cir. 1987). If the plaintiff proceeds

by means of circumstantial evidence, the Tenth Circuit has explained the burden-shifting framework applicable to such claims as follows:

> Under the McDonnell Douglas framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [discrimination or retaliation]. Once the plaintiff has established a prima facie case, [t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000) (internal quotation marks and citations omitted). To state a prima facie case of discrimination under Title VII, a plaintiff must allege: (1) that the victim belongs to a protected class; (2) that the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007). "One method by which a plaintiff can demonstrate an inference of discrimination is to show that the employer treated similarly situated employees more favorably." Luster v. Vilsack, 667 F.3d 1089, 1095 (10th Cir. 2011). To survive a motion to dismiss, "[a] complaint raising a claim of discrimination does not need to conclusively establish the prima facie case of discrimination, but it must contain more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Bekkem v. Wilkie, 915 F.3d 1258, 1274 (10th Cir. 2019).

There is no dispute that plaintiff has alleged that she is the member of a protected class or that she ultimately suffered an adverse employment action, but the parties disagree as to whether plaintiff has alleged any facts supporting an inference that her employment was terminated because of her gender. Plaintiff alleges that she was interviewed as part of an investigation into allegations of a sexually hostile work environment, and she reported that she had witnessed Josh Hogan and a subordinate employee engaging in "inappropriate sexual relations." Dkt. # 2 at 7. She claims that

5

Hogan learned that she had provided this information to the investigator, Burbank, and Hogan began to retaliate against her for reporting his inappropriate behavior. Id. Plaintiff claims that Hogan disciplined plaintiff, even though "others" engaged in the same actions and were not disciplined. Id. at 8. The only employee specifically identified in plaintiff's petition as a potential similarly-situated employee is Ryan Boyles. Id. at 8. Plaintiff claims that "Boyles and others" could use flex time by sending a text message to their supervisor and taking time off, but plaintiff was required to obtain approval from a supervisor and this approval was occasionally denied. Id. at 8-9.

The Court finds that plaintiff has not alleged facts that would support an inference that she was treated differently than similarly situated male employees because of her gender, and her gender discrimination claim should be dismissed. Plaintiff alleges that her supervisors began to treat her differently after she reported Hogan's inappropriate sexual behavior with a subordinate employee, but this would support a claim for retaliation rather than gender discrimination. Plaintiff's response to the motion to dismiss focuses on the fact that she began to be treated differently after she participated in an internal investigation, but plaintiff has made no allegations that can reasonably be interpreted to suggest that she was treated differently because of her gender. Plaintiff alleges that "Ryan Boyles or other employees" could use flex time without prior approval from a supervisor, but this does not give rise to an inference of discrimination. The Tenth Circuit has explained that employees are similarly situated if they engage in "conduct of comparable seriousness" and are subject to discipline by the same supervisor. Smothers v. Solvay Chemicals, Inc., 740 F.3d 530, 540-41 (10th Cir. 2014). The most basic problem with plaintiff's allegation is that "other employees" reasonably includes other female employees, and there is no basis to infer that she was denied flex time because of her gender. She has not also not alleged that Boyles worked under the

6

same supervisor or that he held a similar position, and he cannot be used as a comparator without additional information. The Court will consider plaintiff's allegations in the context of a retaliation claim, but she has not alleged any facts that would suggest that she has a plausible gender discrimination claim.

**B.**

Defendants argue that plaintiff has failed to state a plausible retaliation claim, because she has not adequately alleged that she engaged in a protected activity under Title VII that would support a retaliation claim. Dkt. # 10, at 12-. Plaintiff responds that reporting misconduct as part of an employer's internal investigation can constitute protected activity, and she claims that she had an honest belief that she was reporting conduct that was unlawful under Title VII. Dkt. # 15, at 7-9.

Under Title VII, an employer may not retaliate against an employee for engaging in protected activity. To come forward with a prima facie case of retaliation, an employee must show "(1) that [she] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." Somoza v. University of Denver, 513 F. 3d 1206, 1212 (10th Cir. 2008). Although plaintiff has no burden to come forward with evidence at this stage of the case, the Court finds that the elements of the prima facie case provide a reasonable framework for evaluating whether plaintiff has sufficiently alleged a claim of retaliation. Title VII provides two separate ways in which an employee can engage in protected activity for the purpose of a retaliation claim. Under the "participation clause," an employer may not retaliate against an employee "'because [the employee] has . . . participated in any manner in an investigation, proceeding, or hearing under' Title VII." Vaughn v. Epworth Villa, 537 F.3d 1147, 1151 (10th Cir.

7

2008). The participation clause protects an employee in providing information as part of a formal investigation by the EEOC and it does not apply to participation in an internal investigation by the employer. EEOC v. Rite Way Serv., Inc., 819 F.3d 235, 239 n.2 (5th Cir. 2016); Townsend v. Benjamin Enter, Inc., 679 F.3d 41, 48-49 (2d Cir. 2012); Hatmaker v. Mem'l Med. Ctr., 619 F.3d 741, 747 (7th Cir. 2010). The "opposition clause" protects an employee who has opposed any practice that is made unlawful under Title VII. Id. A plaintiff is not required to show that she reported an actual violation of Title VII, but protected activity occurs when an a plaintiff shows a "'reasonable good-faith belief that' she was opposing discrimination." Fassbender v. Correct Care Solutions, LLC, 890 F.3d 875, 891 (10th Cir. 2018).

The sole allegation in plaintiff's petition concerning her protected activity is that she reported that Hogan and a subordinate employee were engaging in an inappropriate sexual relationship. Plaintiff does not describe the inappropriate sexual relationship and she claims that "*Twombly* does not require Plaintiff to recite lurid details of the sexual encounter she witnessed at the workplace . . . ." Dkt. # 15, at 9. However, plaintiff must adequately allege that she opposed a practice that is made unlawful under Title VII. 42 U.S.C. § 2000e-3(a). The law is clear that a consensual sexual relationship between co-workers, even if it leads to unfavorable treatment of other employees, is not conduct that is prohibited under Title VII. Poff v. Oklahoma ex rel. Oklahoma Dep't of Mental Health & Substance Abuse Servs., 683 F. App'x 691, 702 (10th Cir. Mar. 30, 2017).[1] Therefore, opposition to a consensual sexual relationship between co-workers is not protected activity for the purpose of a retaliation claim. Id. Plaintiff's allegations concerning the inappropriate sexual

---

[1]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

relationship between Hogan and a subordinate are so vague that she has not put defendant on notice whether she was opposing the relationship itself or if she is contending that she was opposing a sexually hostile workplace in general. In this case, it does not matter which is true because plaintiff's retaliation claim is subject to dismissal under either theory. Plaintiff claims that she had a good faith belief that she was reporting "sexual misconduct," but Title VII is designed to prevent workplace discrimination, not socially unacceptable behavior in general. The fact that two co-workers may have been engaging in a consensual relationship, even if this relationship violated internal rules of conduct, is not sexual harassment under Title VII, and she has not alleged that she was opposing a practice made unlawful under Title VII. Plaintiff could be arguing that she reported this conduct to oppose a workplace that was sexually hostile, but this single allegation would not support a good faith belief that she was subject to a sexually hostile work environment. To allege a plausible claim under a hostile work environment theory, a plaintiff must allege facts suggesting that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Payan v. United Parcel Service, 905 F.3d 1162, 1171 (10th Cir. 2018) (quoting Sandoval v. City of Boulder, 388 F.3d 1312, 1326-27 (10th Cir. 2004)). The fact that plaintiff witnessed a single incident of allegedly inappropriate sexual behavior does not support an inference that the workplace was so permeated with discriminatory animus that she could have formed a good faith belief that she was subject to a hostile work environment, and her act of reporting this conduct as part of an internal investigation could not support a retaliation claim.

The Court finds that plaintiff's retaliation claim should be dismissed, because she has not alleged facts supporting an inference that she engaged in protected activity under Title VII. Based

9

on plaintiff's allegations, it is possible that Hogan retaliated against her for reporting his "inappropriate sexual relations" with a co-worker, but plaintiff has not alleged any facts suggesting that she had a reasonable good faith belief that was opposing any type of discriminatory conduct governed by Title VII. Plaintiff requests leave to amend "in the event the Court disagrees with [her] arguments," but she provides no explanation of what additional facts she could include in an amended complaint that would support plausible claims under Title VII. The Court declines to allow plaintiff to file an amended complaint, and plaintiff's claims will be dismissed for failure to state a claim under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Complaint and Brief in Support by Defendants Board of County Commissioners of Tulsa County and Tulsa Juvenile Bureau (Dkt. # 10) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 17th day of January, 2020.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE